Mathew D. Staver*
Horatio G. Mihet*
Daniel J. Schmid*
Avery B. Hill*
LIBERTY COUNSEL
P.O. Box 540774
Orlando, FL 32854
(407) 875-1776
court@lc.org
hmihet@lc.org
dschmid@lc.org
*Attorneys for Plaintiffs*
*Admitted *pro hac vice*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Tucson Division

| | |
|---|---|
| Daniel Grossenbach,<br><br>Plaintiff,<br><br>v.<br><br>Arizona Board of Regents; Douglas Goodyear, in his official capacity as Chair of the Arizona Board of Regents; The University of Arizona; Suresh Garimella, in his official capacity as President of the University of Arizona,<br><br>Defendants. | No. CV-25-00477-TUC-JGZ (MAA)<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO DIMISS** |

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................ 1
II. MEMORANDUM OF LAW ............................................................................... 2
   A. Grossenbach has plausibly stated a claim for relief under Title VII of the Civil Rights Act against all Defendants. .......................................... 3
      1. Grossenbach's charge of discrimination and his claims against Defendants are timely. ................................................................. 3
         a. Grossenbach timely filed his EEOC charge and Complaint. ....... 4
         b. Defendants' fraudulent concealment of their discriminatory termination precludes dismissal. .................................................. 4
         c. Even if Grossenbach's Complaint was untimely under the discovery rule, which it is not, Defendants' deceptive conduct equitably tolled the statute of limitations. .................................... 6
      2. Defendants move to dismiss a claim that Plaintiff did not plead, as he sued individual Defendants solely in their official, rather than individual, capacity. ........................................................................ 8
   B. Grossenbach adequately pleaded a cause of action under the First and Fourteenth Amendments. ............................................................................... 8
      1. Grossenbach explicitly pleaded his cause of action under 42 U.S.C. §1983. ............................................................................................ 8
      2. The Eleventh Amendment provides no refuge for Defendants against Grossenbach's federal claims for prospective relief. ......................... 9
         a. *Ex Parte Young* plainly removes Defendants' fictional cloak of immunity for violations of the First and Fourteenth Amendments. 9
         b. Grossenbach's Complaint plainly satisfies the straightforward inquiry required under *Ex Parte Young*, alleging multiple violations of federal law and seeking prospective relief against Defendants. ................................................................................. 10
   C. Grossenbach named proper defendants for each of his claims. ........... 14
   D. Grossenbach voluntarily withdraws and dismissed Count VI. ............. 15
III. CONCLUSION ................................................................................................ 15

# TABLE OF AUTHORITIES

**Cases**

*Arizona Students' Ass'n v. Arizona Bd. of Regents*,
    824 F.3d 858 (9th Cir. 2016) ............................................................. 12, 14, 15
*Arroyo Vista Partners v. Cnty. of Santa Barbara*,
    723 F. Supp. 1046 (C.D. Cal. 1990) ................................................................ 3
*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................ 2
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................ 2
*Buffin v. California*, 23 F.4th 951 (9th Cir. 2022) ............................................ 15
*Carmen v. San Francisco Unified Sch. Dist.*,
    982 F. Supp. 1396 (N.D. Cal. 1997) ................................................................ 8
*Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836 (9th Cir. 1997) ............ 12
*Doe v. Oregon State University*, 614 F.Supp.3d 847 (2022) ............................ 13
*Dombrowski v. Pfister*, 380 U.S. 479 (1965) ................................................... 12
*EEOC v. Peabody Western Coal Co.*, 610 F.3d 1070 (9th Cir. 2010) ............. 12
*Elliott v. City of Union City*, 25 F.3d 800 (9th Cir. 1994) ................................. 5
*Fink v. Shedler*, 192 F.3d 911 (9th Cir. 1999) ..................................................... 5
*Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976) ........................................................ 14
*Fl. Dep't of State v. Treasure Salvors*, 458 U.S. 670 (1982) ............................ 10
*Flint v. Dennison*, 488 F.3d 816 (9th Cir. 2007) ............................................... 13
*Frew ex rel. Frew v. Hawkins*, 540 U.S. 431 (2004) .......................................... 9
*Hexcel Corp. v. Ineos Polymers, Inc.*, 681 F.3d 1055 (9th Cir. 2012) ................ 5
*Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261 (1997) .......................... 10
*Informix Software, Inc. v. Oracle Corp.*,
    927 F. Supp. 1283 (N.D. Cal. 1996) ................................................................ 3
*Jensen v. Brown*, 131 F.4th 677 (9th Cir. 2025) ............................................... 13
*Johnson v. Fed. Home Loan Mortg. Corp.*, 793 F.3d 1005 (9th Cir. 2015) ..... 2
*Kimes v. Stone*, 84 F.3d 1121 (9th Cir. 1996) ..................................................... 5
*Leong v. Potter*, 347 F.3d 1117 (9th Cir. 2003) .................................................. 6
*Mach Mining, LLC v. EEOC*, 575 U.S. 480 (2015) ........................................... 4
*Merck & Co. v. Reynolds*, 559 U.S. 633 (2010) .................................................. 5
*Millia Prom. Servs. v. Az. Dep't of Econ. Sec.*,
    650 F. Supp. 3d 814 (D. Az. 2023) .................................................................. 7
*Missouri v. Jenkins by Agyei*, 491 U.S. 274 (1989) .......................................... 14
*Naton v. Bank of Cal.*, 649 F.2d 691 (9th Cir. 1981) .......................................... 6
*Neveu v. City of Fresno*, 392 F. Supp. 2d 1159 (E.D. Cal. 2005) ...................... 3
*Ortez v. Washington Cnty.*, 88 F.3d 804 (9th Cir. 1996) ............................. 8, 14
*Quern v. Jordan*, 440 U.S. 332 (1979) .............................................................. 10
*R.W. v. Columbia Basin Coll.*, 77 F.4th 1214 (9th Cir. 2023) ......................... 11

*Robinson v. Centene Corp/Nursewide*,
  2007 WL 2023480 (D. Az. July 12, 2007) ................................................... 8, 14
*Robinson v. Lamarque*, 581 F. App'x 695 (9th Cir. 2014) ............................... 12
*Scholar v. Pacific Bell*, 963. F.2d 264 (9th Cir. 1992) ........................................ 7
*Sohler v. Benjo*, 2021 WL 4355611 (D. Az. Sept. 24, 2021) .............................. 5
*Turner v. City and Cnty. of San Francisco*, 788 F.3d 1206 (9th Cir. 2015) ..... 2
*Verizon Md., Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635 (2002) ... 10, 11
*Virginia Office for Protection & Advocacy v. Stewart*,
  563 U.S. 247 (2011) ................................................................................... 9, 10
*Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173 (9th Cir. 2021) ......................... 2
*Williams v. Gorton*, 529 F.2d 668 (9th Cir. 1976) ............................................. 3
*Wood v. Santa Barbara Chamber of Commerce*,
  705 F.2d 1515 (9th Cir. 1983) .......................................................................... 5
*Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385 (1982) ................................. 6

**Statutes**

A.R.S. §39-121.01 ................................................................................................ 5
Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e to 2000e-17 (2024) 4

**Other Authorities**

Federal Rule of Civil Procedure 12 ..................................................................... 2
Federal Rule of Civil Procedure 8 ....................................................................... 2

Pursuant to LRCiv 7.2(c), Plaintiff Daniel Grossenbach ("Plaintiff" or "Grossenbach") hereby files this Response in opposition to the Motion to Dismiss of Arizona Board of Regents, Douglas Goodyear, the University of Arizona, and Suresh Garimella (collectively "Defendants"). Doc. 16. Defendants' callous and indifferent treatment of Grossenbach is unconstitutional and unlawful, and Grossenbach plainly stated a claim against each Defendant. The Motion should be denied.

## I. INTRODUCTION

Professor Grossenbach was contracted to teach at the University of Arizona for several years in a row, received high marks from his colleagues and was considered for a long-term commitment from the University for his performance. Compl. ¶¶186–88. Grossenbach was even negotiating a textbook deal. Compl. ¶138. Despite students, colleagues, and University leadership all recognizing Grossenbach's excellent teaching, the University unceremoniously terminated his employment in a Zoom call in November 2023, in a meeting that was originally scheduled as a discussion about Grossenbach's potential textbook deal. Compl. ¶142. So what changed? The answer is simple: the University received numerous complaints from self-appointed online censors pressuring the University to fire Grossenbach for his religious speech and expression that took place outside his work duties and in front of a local government school board. Compl. ¶¶122–150. Perhaps sensing that the termination of an otherwise exceptional professor for engaging in protected speech and expression before a government body was problematic, Defendants attempted to conceal their unlawful termination with pretext. As demonstrated by the well-pleaded allegations of Grossenbach's Complaint, Defendants' pretextual termination of Grossenbach's employment was unlawful under Title VII and was unconstitutional under the First and

1
RESPONSE OPPOSING MOTION TO DISMISS
Case No. 4:25-CV-477-JGZ-MAA

Fourteenth Amendments. Grossenbach's Complaint states a claim for relief, and Defendants' Motion should be denied.

## II. MEMORANDUM OF LAW

"A defendant may move to dismiss a claim for relief pursuant to Rule 12(b)(6) if the claim 'fail[s] to state a claim upon which relief can be granted.'" *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1175 (9th Cir. 2021) (quoting Fed. R. Civ. P. 12(b)(6)). Rule 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief\*\*\*[.]" Fed. R. Civ. P. 8(a)(2). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," but a plaintiff must meet his "obligation to provide the grounds of his entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). The Supreme Court "do[es] not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face" and to "nudge [plaintiffs] claims across the line from conceivable to plausible." *Id.* at 570. Grossenbach's Complaint plainly crosses that threshold.

"In assessing whether a party has stated a claim upon which relief can be granted, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party[.]" *Turner v. City and Cnty. of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015). "'A claim has facial plausibility when the plaintiff pleads content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Johnson v. Fed. Home Loan Mortg. Corp.*, 793 F.3d 1005, 1007 (9th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Taking the allegations as true, Grossenbach's Complaint is plausible on its face. Grossenbach's allegations demonstrate beyond cavil that Defendants unlawfully terminated him for his constitutionally protected religious speech

and expression. At minimum, Grossenbach's allegations allow a reasonable inference that Defendants are liable for violating Title VII and his constitutional rights, and any doubts the Court may harbor concerning his allegations must be resolved in his favor. "Ordinarily a motion to dismiss should be disfavored, and doubts should be resolved in favor of the pleader." *Williams v. Gorton*, 529 F.2d 668, 672 (9th Cir. 1976). "A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is *disfavored and rarely granted.*" *Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1168 (E.D. Cal. 2005) (emphasis added). "[T]he conditions that must be met before a motion may be granted under Fed. R. Civ. P. 12(b)(6) are quite strict." *Arroyo Vista Partners v. Cnty. of Santa Barbara*, 723 F. Supp. 1046, 1050 (C.D. Cal. 1990). This Court should grant a motion to dismiss only in a rare and extraordinary case. *Informix Software, Inc. v. Oracle Corp.*, 927 F. Supp. 1283, 1285 (N.D. Cal. 1996) ("In analyzing whether to grant a Rule 12(b)(6) motion, the court should keep in mind that dismissal is disfavored and should be granted *only in extraordinary cases*.") (emphasis added). This is not one of those rare instances.

**A. Grossenbach has plausibly stated a claim for relief under Title VII of the Civil Rights Act against all Defendants.**

**1. Grossenbach's charge of discrimination and his claims against Defendants are timely.**

Defendants contend Grossenbach's Complaint fails as untimely. Doc. 16, 3–5. This is incorrect. First, Defendants' efforts to fraudulently conceal their unlawful termination of Grossenbach prevented him from obtaining the information necessary to bring his claims. Second, upon discovering that Defendants' proffered justification was pretextual and intended to conceal their unlawful actions, Grossenbach timely filed his charge of discrimination. Defendants' timeliness defense fails as a matter of law and fact.

### a. Grossenbach timely filed his EEOC charge and Complaint.

"Title VII and the Civil Rights Act of 1964*** sets out a detailed multi-step procedure through which the [EEOC] enforces the statute's prohibition on employment discrimination." *Mach Mining, LLC v. EEOC*, 575 U.S. 480, 483 (2015). The process begins with the filing of a charge of an unlawful workplace practice with the EEOC. 42 U.S.C. 2000e-5(b). No one disputes that Grossenbach had 300 days to file a charge. Doc. 16, 4. Grossenbach discovered the actual and unlawful reason for his termination, and his claim therefore accrued, on July 26, 2024. Compl. ¶176. On January 22, 2025, 180 days later, Grossenbach filed his charge with the EEOC. Compl. ¶193. On May 27, 2025, the EEOC issued Grossenbach a Notice of Right to Sue. Compl. ¶194 & Doc. 1-2. On August 22, 2025, 87 days after receiving his Notice of Right to Sue, Doc. 1-2, Grossenbach timely filed his Complaint with this Court. Grossenbach therefore timely complied with all requirements.

Despite contending that Grossenbach failed to file a timely complaint with the EEOC, Doc. 16, 5, Defendants elsewhere concede that it was not until July 26, 2024 that Grossenbach had sufficient knowledge to bring his claim. Doc. 16, 11 ("Taking the allegations in the Complaint as true, Grossenbach had sufficient knowledge on July 26, 2024, to trigger accrual."). That concession is *alone* fatal to Defendants' timeliness objections

### b. Defendants' fraudulent concealment of their discriminatory termination precludes dismissal.

Even assuming Defendants are correct, Doc. 16, 4, that Grossenbach's claim accrued on November 30, 2023, which it did not, Defendants concede, as they must, that equitable doctrines preclude dismissal where the alleged untimeliness is the fault of Defendants' conduct. Doc. 16, 4. Though his

1  termination was certainly November 30, 2023, Grossenbach did not discover
2  the discriminatory basis for his termination until July 26, 2024. Compl. ¶176.

3        Federal law governs when a claim accrues. *Fink v. Shedler*, 192 F.3d
4  911, 914 (9th Cir. 1999). "A claim accrues when the plaintiff knows, or should
5  know, of the injury which is the basis of the cause of action." *Id.* (citing *Kimes
6  v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996)). This is known as the "discovery
7  rule." *Merck & Co. v. Reynolds*, 559 U.S. 633, 644 (2010). And the discovery
8  rule applies to "toll the accrual of an action where the injury and the act
9  causing the injury, or both, have been difficult for the plaintiff to detect."
10 *Sohler v. Benjo*, 2021 WL 4355611, *3 (D. Az. Sept. 24, 2021). A defendant's
11 fraudulent concealment of its discriminatory actions tolls the statute of
12 limitations. *Hexcel Corp. v. Ineos Polymers, Inc.*, 681 F.3d 1055, 1060 (9th Cir.
13 2012) ("A statute of limitations may be tolled if the defendant fraudulently
14 conceals the existence of a cause of action in such a way that the plaintiff,
15 acting as a reasonable person, did not know of its existence.") To demonstrate
16 fraudulent concealment, and thus tolling, Grossenbach need only show that
17 "defendant used fraudulent means to keep plaintiff unaware of his cause of
18 action" and that he was "in fact ignorant of the existence of his cause of action."
19 *Wood v. Santa Barbara Chamber of Commerce*, 705 F.2d 1515, 1521 (9th Cir.
20 1983). Grossenbach well-pleaded allegations demonstrate both.

21       On November 30, 2023, Defendants provided a pretextual basis for
22 terminating Grossenbach, claiming that the decision was made to replace him
23 with a full-time faculty member. Compl. ¶¶ 129; 144. Without sufficient
24 knowledge of the actual reason for his termination, Grossenbach submitted a
25 public records request to probe the University's stated reasons. Compl. ¶150.
26 In violation of Arizona public records laws, Defendants fraudulently concealed
27 their true and unlawful basis for terminating Grossenbach by unlawfully
28

failing to disclose public records for 239 days. Compl. ¶¶151–176. Grossenbach alleged that he had no actual knowledge of the alleged discrimination, Compl. ¶145, and that it was only through the untimely disclosure of public records that he confirmed that Defendants' termination of his employment was unlawfully discriminatory. Compl. ¶¶128–130. Plaintiff could not have discovered the discriminatory basis for his termination without these records. Thus, Grossenbach did not discover his injury until July 26, 2024, and he timely filed all charges after that discovery.

### c. Even if Grossenbach's Complaint was untimely under the discovery rule, which it is not, Defendants' deceptive conduct equitably tolled the statute of limitations.

Even if the Court finds that the Defendants' fraudulent concealment was not adequately pleaded, which it was, Defendants are nevertheless equitably estopped from raising untimeliness as grounds for dismissal. Defendants concede, as they must, that timeliness defenses are subject to equitable tolling and equitable estoppel. Doc. 16, 4. *E.g.*, *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). "Equitable estoppel focuses primarily on the actions taken by the defendant in preventing a plaintiff from filing suit," *Leong v. Potter*, 347 F.3d 1117, 1123 (9th Cir. 2003), and "equitable tolling focuses on the plaintiff's excusable ignorance and lack of prejudice to the defendant." *Id*. A finding of equitable estoppel rests on (1) "the plaintiff's actual and reasonable reliance on the defendant's conduct or representation," (2) "evidence of improper purpose on the part of the defendant, or of the defendant's actual or constructive knowledge of the deceptive nature of its conduct," and (3) the extent to which the purposes of the limitations period have been satisfied. *Naton v. Bank of Cal.*, 649 F.2d 691, 696 (9th Cir. 1981). "If a reasonable plaintiff would not have known of the existence of a possible

1   claim within the limitations period, then equitable tolling will serve to extend
2   the statute of limitations for filing suit until the plaintiff can gather what
3   information he needs." *Leong*, 347 F.3d at 1123.

4       Grossenbach easily satisfies this test. Despite his extraordinarily
5   diligent efforts in seeking records sufficient to probe whether Defendants'
6   proffered justifications were pretextual, Defendants' unlawful withholding of
7   public records prevented Grossenbach from learning of the existence of a claim
8   until July 26, 2024. Compl. ¶¶128–130. Additionally, the focus of this Court's
9   analysis, and partly the purpose of the statute of limitations, is to determine
10  whether the "claimant's failure to exercise due diligence in the preserving his
11  legal rights" is the reason for the delay, and if so, not to reward a lack of
12  diligence. *Scholar v. Pacific Bell*, 963. F.2d 264, 268 (9th Cir. 1992).
13  Grossenbach neither failed to exercise due diligence, nor slept on his legal
14  rights. Rather, he actively pursued them in the face of Defendants'
15  concealment. As this Court has noted, equitable estoppel is appropriate where,
16  as here, "a defendant misrepresents or conceals facts necessary to support a
17  discrimination charge," *Millia Prom. Servs. v. Az. Dep't of Econ. Sec.*, 650 F.
18  Supp. 3d 814, 826 (D. Az. 2023), such as "by justifying their actions with false,
19  pretextual reasons." *Id.* Grossenbach was diligent, pursuing every reasonable
20  avenue for obtaining timely disclosure of public records. Compl. ¶¶151–191.
21  Defendants' unlawful delay and concealment tolled Grossenbach's limitations
22  period and estops Defendants from their timeliness objection.

## 2. Defendants move to dismiss a claim that Plaintiff did not plead, as he sued individual Defendants solely in their official, rather than individual, capacity.

Defendants contend that Grossenbach has not stated a Title VII claim against Defendants Goodyear and Garimella because Title VII does not provide for individual liability. Doc. 16, 5–6. Defendants attack a claim Grossenbach did not plead. As his Complaint makes clear, Grossenbach named Defendants Goodyear and Garimella in their official capacities only. Compl. ¶¶42, 44. There is no question that these Defendants are proper in their official capacity. *Ortez v. Washington Cnty.*, 88 F.3d 804, 808 (9th Cir. 1996). Defendants' contention to the contrary is without merit. Indeed, as this Court has noted, "individual defendants may be held liable under Title VII for acts performed in an official capacity *** and injunctive relief is available" against them. *Robinson v. Centene Corp/Nursewide*, 2007 WL 2023480, *3 (D. Az. July 12, 2007) (quoting *Carmen v. San Francisco Unified Sch. Dist.*, 982 F. Supp. 1396, 1408 (N.D. Cal. 1997)). Here, Grossenbach plainly seeks equitable injunctive relief against these Defendants., Compl., 64  ¶A. "Therefore, to the extent Plaintiff seeks injunctive relief against the Individual Defendants in their official capacities under Title VII, such claims survive." *Robinson*, 2007 WL 2023480, *3.

## B. Grossenbach adequately pleaded a cause of action under the First and Fourteenth Amendments.

### 1. Grossenbach explicitly pleaded his cause of action under 42 U.S.C. §1983.

Defendants contend that Grossenbach's Complaint must be dismissed because he "should have brought Counts II through V under 42 U.S.C. §1983." Doc. 16, 6. Here, again, Defendants ignore the well-pleaded allegations of

Grossenbach's Complaint. Grossenbach stated unequivocally that "[t]his action arises under the First and Fourteenth Amendments to the United States Constitution and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq., and *is brought pursuant to 42 U.S.C. §1983*." Compl. ¶45 (emphasis added). Defendants' attack is thus meritless.

**2. The Eleventh Amendment provides no refuge for Defendants against Grossenbach's federal claims for prospective relief.**

Defendants next contend that Grossenbach's constitutional claims against Defendants, even if pleaded properly under Section 1983, which they are, nevertheless fail because they are "barred by the Eleventh Amendment." Doc. 16, 6. This argument is simply wrong.

**a. *Ex Parte Young* plainly removes Defendants' fictional cloak of immunity for violations of the First and Fourteenth Amendments.**

"Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Virginia Office for Protection & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). "To ensure the enforcement of federal law, however, the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law." *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004) (citing *Ex parte Young*, 209 U.S. 123 (1908)). The reason is simple: Defendants' purported cloak of immunity has been stripped from them on the basis of their violations of federal law. See *Ex parte Young*, 209 U.S. at 159. Indeed, when a state official "seeks to enforce be a violation of the Federal Constitution, the officer *** comes into conflict with the superior authority of that Constitution, and he *is in that case stripped of his official or representative character* and is subjected in his person to the consequences of his individual conduct." *Id.* at 159–60 (emphasis added).

9
RESPONSE OPPOSING MOTION TO DISMISS
Case No. 4:25-CV-477-JGZ-MAA

Contrary to Defendants' contentions, "[t]he state has no power to impart to him any immunity from responsibility to the supreme authority of the United States." *Id.* at 160.

*Ex parte Young* "established an important limit on the sovereign-immunity principle." *Virginia Office for Protection & Advocacy*, 563 U.S. at 254. "[A] federal court, consistent with the Eleventh Amendment, may enjoin state officials to conform their future conduct to the requirements of federal law, even though such an injunction may have ancillary effect on the state treasury." *Quern v. Jordan*, 440 U.S. 332, 337 (1979) (internal citations omitted). Simply put, "the Eleventh Amendment does not bar an action against a state official that is based on the theory that the officer acted beyond the scope of his statutory authority or, if within that statutory authority, that such authority is unconstitutional." *Fl. Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 689 (1982). Grossenbach's constitutional claims fall squarely within the *Ex parte Young* exception to the Eleventh Amendment.

> **b. Grossenbach's Complaint plainly satisfies the straightforward inquiry required under *Ex Parte Young*, alleging multiple violations of federal law and seeking prospective relief against Defendants.**

"In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002). Importantly, the relevant inquiry here—as with all motions to dismiss—is whether Grossenbach's *allegations* suffice to satisfy the straightforward inquiry. *E.g.*, *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 281 (1997) ("An *allegation*

10
RESPONSE OPPOSING MOTION TO DISMISS
Case No. 4:25-CV-477-JGZ-MAA

of an ongoing violation of federal law where the requested relief is prospective is ordinarily sufficient to invoke the *Young* fiction." (emphasis added)); *Verizon Md.*, 535 U.S. at 646 (2002) ("An *allegation* of an ongoing violation of federal law is ordinarily sufficient" (quoting *Coeur d'Alene*, 521 U.S. at 281) (emphasis original)). Indeed, "[f]or a suit to proceed under *Ex parte Young*, the plaintiff must *allege—not prove—*an ongoing violation of federal law for which she seeks prospective injunctive relief." *R.W. v. Columbia Basin Coll.*, 77 F.4th 1214, 1221 (9th Cir. 2023) (emphasis added). Grossenbach's Complaint easily satisfies this inquiry.

*First*, Grossenbach's Complaint plainly alleges ongoing violations of federal law. See Compl. ¶¶213–226 (alleging violations of Title VII of the Civil Rights Act, 42 U.S.C. 2000e-2(a)); ¶¶227–244 (alleging violations of the Free Speech Clause of the First Amendment to the United States Constitution); ¶¶245–261 (alleging violations of the Free Speech Clause of the First Amendment to the United States Constitution); ¶¶262–286 (alleging retaliation under the Free Speech Clause of the First Amendment to the United States Constitution); ¶¶287–301 (alleging violations of the Fourteenth Amendment to the United States Constitution). Moreover, Grossenbach has alleged that each of these respective violations is ongoing and continuing to cause irreparable harm. *E.g.*, Compl. ¶¶224, 242, 285, 300 (alleging ongoing harm). As such, Grossenbach has plainly satisfied the first element of the straightforward inquiry, namely—that his claims allege an ongoing violation of federal law.

*Second*, Grossenbach's Prayer for Relief requests, *inter alia*, declaratory judgment, permanent injunctive relief, and reinstatement. Compl., 64–65. Each form of requested relief is prospective and equitable. Grossenbach's request for a permanent injunction is prospective and equitable. *E.g.*,

11
RESPONSE OPPOSING MOTION TO DISMISS
Case No. 4:25-CV-477-JGZ-MAA

1 *Dombrowski v. Pfister*, 380 U.S. 479, 485 (1965) ("injunctive relief look to the future" and is thus prospective); *Robinson v. Lamarque*, 581 F. App'x 695, 696 (9th Cir. 2014) (noting that a permanent injunction is prospective relief). Grossenbach's request for declaratory judgment is prospective and equitable. *E.g.*, *EEOC v. Peabody Western Coal Co.*, 610 F.3d 1070, 1087 (9th Cir. 2010) (declaratory relief is prospective equitable relief). Grossenbach's Prayer for Relief regarding reinstatement is also prospective equitable relief. *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 840 (9th Cir. 1997) ("reinstatement constitutes prospective injunctive relief.") Thus, Grossenbach's Complaint has plainly satisfied the straightforward inquiry under *Ex parte Young*, and Defendant's Motion must be denied.

Defendants' contentions to the contrary are without merit. Start with Defendants' curious citation to *Arizona Students' Ass'n v. Arizona Bd. of Regents*, 824 F.3d 858 (9th Cir. 2016). Doc. 16, 7. Defendants contend that the Ninth Circuit's decision in that case "already recognized" that Defendant Board of Regents "is an arm of the State of Arizona for purposes of Eleventh Amendment immunity," so it claims that "the Eleventh Amendment bars *any remedy* from Defendant ABOR." Doc. 16, 7 (emphasis added). Defendants' period at the end of that sentence does a *lot* of work. What the Ninth Circuit *actually* said was that the Eleventh Amendment "bars any claims [against the Board of Regents] for retrospective relief" but that a "claim for prospective injunctive relief and related declaratory relief *is not barred by sovereign immunity*." *Arizona Students' Assoc.*, 824 F.3d at 865 (emphasis added). Certainly, Defendant Board of Regents (and the University of Arizona, for that matter) are arms of the State, no one disputes that. But such status does not immunize them from all claims for relief, as Defendants' contend. "Although sovereign immunity bars money damages and other retrospective relief

12
RESPONSE OPPOSING MOTION TO DISMISS
Case No. 4:25-CV-477-JGZ-MAA

against a state or instrumentality of a state, it does not bar claims seeking prospective injunctive relief against state officials to remedy a state's ongoing violation of federal law." *Id.* (citing *Ex parte Young*, 209 U.S. at 149-56). See also *Doe v. Oregon State Univ.*, 614 F. Supp. 3d 847, 858 (2022) ("The *Ex Parte Young* doctrine allows Plaintiff to proceed on his claim for prospective relief against OSU and the Board."). Grossenbach plainly and unequivocally stated a claim for prospective, equitable relief against Defendants, and his claims are well-pleaded. Defendants' Motion must be denied.

Defendants also grasp at one final straw in the hopes of preventing Grossenbach's well-pleaded claims from going forward, namely—questioning whether his injunctive relief amounts to nothing more than a "conclusory" request for future, speculative protection. Doc. 16, 9. This is incorrect. As the Ninth Circuit has held, "reinstatement . . . is clearly prospective in effect and thus falls outside the prohibitions on the Eleventh Amendment." *Jensen v. Brown*, 131 F.4th 677, 697 (9th Cir. 2025). See also *Doe*, 131 F.3d at 840-41 ("job reinstatement constitutes prospective injunctive relief"). Grossenbach plainly requested reinstatement and a restoration of the status quo ante. Compl., 67 ¶E. Under binding precedent, that relief is prospective, injunctive, equitable relief and removes Defendants' purported immunity. More to the point, where—as here—a public university employee has brought claims for reinstatement for alleged violations of his First Amendment rights, the Ninth Circuit has held that "reinstatement constitutes prospective injunctive relief because a wrongful discharge is a continuing violation" that is "not limited merely to remedy past violations, [but] serve the purpose of preventing present and future harm." *Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007). Grossenbach's claims therefore "cannot be characterized solely as retroactive injunctive relief and are not barred by the Eleventh Amendment." *Id.*

**C.  Grossenbach named proper defendants for each of his claims.**

As articulated more fully *supra*, Grossenbach's Complaint names proper defendants and sought proper relief from each Defendant. Defendants' protestations to the contrary are without merit.

*First*, Defendants Arizona Board of Regents and University of Arizona are proper Defendants for Grossenbach's Title VII and constitutional claims, and his requested relief for damages is proper under federal law because Congress abrogated state immunity under the Eleventh Amendment by enacting Title VII. *E.g.*, *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456–57 (1976); *Robinson*, 2007 WL 2023480, *3 ("state sovereign immunity has been abrogated by Title VII"). While Defendants contend that "Arizona has not waived its immunity," Doc. 16, 6, that is of no moment, because Congress waived it for Arizona by enacting Title VII.

*Second*, Defendants Goodyear and Garimella are proper Defendants for purposes of Grossenbach's Prayer for Relief under Title VII, as he named them in their official capacities. See *Ortez*, 88 F.3d at 808. Moreover, though Defendants' claim that Grossenbach cannot bring a claim under Section 1983 against Defendants Goodyear and Garimella in their official capacities, Doc. 16, 8, this is incorrect. Defendants Goodyear and Garimella are proper Defendants regarding prospective relief for Grossenbach's constitutional claims under Section 1983 and *Ex parte Young*. See *Az. Students' Assoc.*, 824 F.3d at 865; *Ortez*, 88 F.3d at 809–10.

*Third*, Grossenbach's Prayer for Relief for attorney's fees and costs is proper under Section 1983 for his constitutional claims and his Title VII claims against all Defendants. *E.g.*, *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 279 (1989) ("it must be accepted as settled that an award of attorney's fees ancillary to prospective relief is no subject to the strictures of the Eleventh

Amendment."); *Buffin v. California*, 23 F.4th 951, 959 (9th Cir. 2022); *Az. Student's Assoc.*, 824 F.3d at 865.

### D. Grossenbach voluntarily withdraws and dismissed Count VI.

Though Grossenbach does not agree with Defendants' characterizations that his claims are untimely or that he failed to comply with the notice requirements of his claims under Count VI, Grossenbach voluntarily withdraws and dismisses his claims under Count VI.

### III. CONCLUSION

Professor Grossenbach has plainly and plausibly stated a claim upon which relief can be granted, and because he seeks prospective, injunctive relief that is not barred by the Eleventh Amendment, Defendants' Motion should be denied.

Respectfully submitted,

/s/ Avery B. Hill
Mathew D. Staver*
Horatio G. Mihet*
Daniel J. Schmid*
Avery B. Hill*
LIBERTY COUNSEL
P.O. Box 540774
Orlando, FL 32854
(407) 875-1776
court@lc.org
hmihet@lc.org
dschmid@lc.org
ahill@lc.org
*Attorneys for Plaintiffs*

*Admitted *pro hac vice*