WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Grossenbach,<br><br>    Plaintiff,<br><br>v.<br><br>Arizona Board of Regents, et al.,<br><br>    Defendants. | No. CV-25-00477-TUC-JGZ (MAA)<br><br>**ORDER** |

    Pending before the Court is a motion to dismiss filed by Defendants Arizona Board of Regents (ABOR); Douglas Goodyear, named in his official capacity as ABOR's Chair; and Suresh Garimella, named in his official capacity as the University of Arizona's President. (Doc. 16.) On November 21, 2025, Magistrate Judge Michael A. Ambri issued a Report and Recommendation ("R&R") recommending that the Court grant Defendants' motion to dismiss only as to Count VI and deny the motion in all other respects. (Doc. 20.) The R&R concludes that Plaintiff's Title VII claim is timely under equitable tolling and estoppel and that the Eleventh Amendment does not bar Plaintiff's constitutional claims for prospective relief under *Ex parte Young*.

    On December 5, 2025, Defendants filed a timely Objection to the R&R, and Plaintiff has filed a Response. (Docs. 22, 24.) Defendants also filed a Motion to Stay Discovery Pending Resolution of Defendant's Motion to Dismiss. (Doc. 19.) The Motion is fully briefed. (Docs. 19, 21, 23.)

    After reviewing the record, the R&R, and the arguments raised in Defendants'

Objection, the Court will sustain the Objection in part and overrule it in part, adopt the R&R in part, and deny as moot Defendants' Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss.

## I. BACKGROUND

Plaintiff Daniel Grossenbach filed this action against the Arizona Board of Regents ("ABOR"); Douglas Goodyear, named in his official capacity as ABOR's Chair; and Suresh Garimella, named in his official capacity as President of the University of Arizona (collectively, "Defendants"). (Doc. 1.)

Grossenbach founded an organization named SaveCFSD, through which he advocates "for truth, trust, and transparency within Catalina Foothills School District 16 ['CFSD']." (Doc. 1 ¶ 67.) According to the Complaint, Grossenbach formed the organization because he believes CFSD is acting contrary to his "sincerely held religious beliefs" by "secretly surveying children about their gender and sexuality, pushing radical gender ideologies upon those students, and unconscionably and intentionally keeping that information from parents." (*Id.* ¶¶ 2, 5.)

At the time relevant to this action, Grossenbach was employed as an adjunct professor at the University of Arizona. (*Id.* ¶ 53.) On November 30, 2023, he was informed that his teaching contract would not be renewed. (*Id.* ¶ 143.) Grossenbach alleges that his employment was discontinued because the University received complaints about his advocacy with SaveCFSD.

Grossenbach filed this action on August 22, 2025. (Doc. 1.) He asserts claims under (1) Title VII of the Civil Rights Act of 1964, (2) the Free Speech Clause of the First Amendment, (3) the Free Exercise Clause of the First Amendment, (4) First Amendment retaliation, (5) the Equal Protection Clause of the Fourteenth Amendment, and (6) Arizona's public records law. (*Id.* at 50, 52, 55, 57, 60, 63.)

On October 17, 2025, Defendants filed the pending motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 16.)

On November 21, 2025, Magistrate Judge Michael A. Ambri issued a R&R

recommending that the motion be granted only as to Plaintiff's claim under Arizona's public records law and denied in all other respects. (Doc. 20.) The R&R further concluded that Plaintiff's Title VII administrative charge was timely under the doctrines of equitable tolling and equitable estoppel and that the Eleventh Amendment does not bar Plaintiff's constitutional claims for prospective relief under *Ex parte Young*, 209 U.S. 123 (1908).

## II.  LEGAL STANDARD

### A.  Report and Recommendation

When reviewing a magistrate judge's R&R, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original). The party seeking de novo review must provide "*specific* written objections to the proposed findings and recommendations" of the magistrate judge. Fed. R. Civ. P. 72(b)(2) (emphasis added). "[D]istrict courts conduct proper de novo review [of a magistrate judge's findings and recommendations] where they state they have done so, even if the order fails to specifically address a party's objections." *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023) (citing *Wang v. Masaitis*, 416 F.3d 992, 1000 (9th Cir. 2005)).

### B.  Dismissal Under Rule 12(b)(6)

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all factual allegations in the complaint and all reasonable inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150 n. 2 (9th Cir.2000). Such allegations must be construed in the light most favorable to the nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

A motion to dismiss brought under Rule 12(b)(6) tests the legal sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A claim may be dismissed only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)).

### III. DISCUSSION

Defendants make five objections to the R&R: (1) the Eleventh Amendment bars Plaintiff's § 1983 claims against ABOR; (2) the Eleventh Amendment bars § 1983 damages claims against Defendants Goodyear and Garimella in their official capacities; (3) Plaintiff fails to state a valid claim for prospective relief under *Ex parte Young*; (4) Plaintiff's Title VII claim is untimely and not subject to equitable tolling or equitable estoppel; and (5) the Title VII claims against Goodyear and Garimella should be dismissed as duplicative of the claim against ABOR. (*See* Doc. 22.) The Court will address the objections in turn.

#### A. Sovereign Immunity

##### 1. Plaintiff's § 1983 Claims Against ABOR

Defendants object to the Magistrate Judge's conclusion that Plaintiff's § 1983 claims may proceed against ABOR, arguing that ABOR is entitled to Eleventh Amendment immunity. (Doc. 22 at 2–3.) The Court agrees.

"Section 1983 provides a method by which individuals can sue for violations of their federal rights." *Cortez v. Cnty. of L.A.*, 294 F.3d 1186, 1188 (9th Cir. 2002). "One of the requisite elements for stating a claim under § 1983 is that the violation was committed by a 'person' acting under color of state law." *Id.* (citation omitted). "[A] state is not a 'person' for purposes of section 1983 [and] likewise 'arms of the State' . . . are not 'persons' under section 1983." *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991).

ABOR is an arm of the State of Arizona for Eleventh Amendment purposes. *See*

*Arizona Students' Ass'n v. Arizona Bd. of Regents,* 824 F.3d 858, 865 (9th Cir. 2016); *Rutledge v. Ariz. Bd. of Regents*, 660 F.2d 1345, 1349 (9th Cir. 1981), abrogated on other grounds by *Haygood v. Younger*, 769 F.2d 1350, 1356 (9th Cir. 1985) (en banc); *Ronwin v. Shapiro*, 657 F.2d 1071, 1073 (9th Cir. 1981) ("[W]e conclude that the [Arizona] Board of Regents is protected by the eleventh amendment."). Because ABOR is not a "person" within the meaning of § 1983, Plaintiff fails to state a claim against ABOR.

Accordingly, Plaintiff's § 1983 claims against ABOR are dismissed with prejudice.

**2. Section 1983 Damages Claims Against Goodyear and Garimella**

Defendants argue that sovereign immunity bars Plaintiff's § 1983 claims for monetary relief against Defendants Goodyear and Garimella in their official capacities. (Doc. 22 at 3.) The Court agrees as a matter of law that § 1983 does not permit claims for monetary damages against state officials sued in their official capacities. *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997).

Because Defendants' Motion to Dismiss was brought under Rule 12(b)(6), the relevant inquiry is whether Plaintiff has failed to state a claim upon which relief may be granted, not whether all forms of relief requested are available. Defendants mischaracterize the R&R. The Magistrate Judge did not recommend allowing § 1983 claims for monetary relief to proceed against Defendants Goodyear or Garimella. Rather, the R&R permits Plaintiff's § 1983 claims to proceed only to the extent Plaintiff seeks prospective equitable relief under *Ex parte Young*. (Doc. 20 at 9.) To the extent Plaintiff's Prayer for Relief could be construed to seek monetary damages from these Defendants under § 1983, such relief is unavailable as a matter of law, but that limitation does not require dismissal of Plaintiff's § 1983 claims.

**3. Whether Plaintiff States a Valid Claim for Prospective Relief Under *Ex parte Young***

Defendants object to the Magistrate Judge's conclusion that Plaintiff states a valid claim for prospective relief under *Ex parte Young*. Specifically, Defendants argue that Plaintiff seeks impermissible retrospective relief, monetary damages are barred by the

Eleventh Amendment, Plaintiff fails to allege a sufficient connection between Defendants Goodyear and Garimella and the alleged constitutional violations, and Plaintiff fails to demonstrate a reasonable likelihood of future injury. (Doc. 22 at 3–5.) The Court disagrees.

Under *Ex parte Young*, the Eleventh Amendment does not bar suits against state officials in their official capacities where a plaintiff alleges an ongoing violation of federal law and seeks relief that is prospective in nature. *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002). At the pleading stage, a plaintiff need only plausibly allege such an ongoing violation and request prospective relief; he need not prove entitlement to that relief. Because Defendants' Motion to Dismiss was brought under Rule 12(b)(6), the Court's inquiry is limited to whether Plaintiff has stated a plausible claim.

### a. Declaratory Relief

Defendants contend that Plaintiff's request for declaratory relief is impermissibly retrospective because it would declare that Defendants violated federal law in the past. (Doc. 22 at 3–4.) While *Ex parte Young* does not permit purely retrospective declaratory relief, declaratory relief is not barred where, as here, it is sought in connection with prospective injunctive relief and addresses an ongoing or continuing violation of federal law. *Green v. Mansour*, 474 U.S. 64, 68–71 (1985); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839–842 (9th Cir. 1997).

Plaintiff seeks reinstatement and injunctive relief to prevent the continuation of allegedly unconstitutional employment practices. Declaratory relief sought in connection with that prospective relief is therefore permissible under *Ex parte Young*.

### b. Monetary Relief

Defendants argue that *Ex parte Young* does not apply because Plaintiff seeks monetary relief, including lost income. That argument rests on a mischaracterization of the relief Plaintiff seeks.

As an initial matter, Plaintiff brings different claims and seeks different forms of relief against different Defendants, and he does not seek monetary damages under § 1983 from Defendants Goodyear or Garimella in their official capacities. (Docs. 20 at 8, 24 at

2–3.) Instead, Plaintiff seeks prospective equitable relief against those Defendants, while monetary relief is sought only where permitted by law against the appropriate entity Defendant. Plaintiff's claims for reinstatement and injunctive relief fall squarely within *Ex parte Young* and therefore may proceed. *See Jensen v. Brown*, 131 F.4th 677, 696 (9th Cir. 2025) (explaining that a declaratory judgment that the defendants' actions violated the plaintiff's Constitutional rights is "prospective relief" that is not barred by the Eleventh Amendment.); *see also Doe v. Lawrence Livermore Nat. Lab.*, 131 F.3d 836, 842 (9th Cir. 1997) ("reinstatement is a legitimate request for prospective injunctive relief"). The proper course, therefore, is to dismiss only those forms of relief barred by sovereign immunity, not Plaintiff's § 1983 claims in their entirety.

More broadly, although sovereign immunity bars money damages and other retrospective relief against a state or its instrumentalities, it does not bar claims seeking prospective injunctive relief against state officials to remedy an ongoing violation of federal law. *Ex parte Young*, 209 U.S. 123, 149–56 (1908); *see also Quern v. Jordan*, 440 U.S. 332, 337 (1979); *Agua Caliente Band of Cahuilla Indians v. Hardin*, 223 F.3d 1041, 1045 (9th Cir. 2000). Under *Ex parte Young*, individuals may pursue claims against a state for prospective equitable relief, including any measures ancillary to that relief. *Green v. Mansour*, 474 U.S. 64, 68–71 (1985); *Hutto v. Finney*, 437 U.S. 678, 689–92 (1978) (allowing the recovery of attorney's fees and costs).

Plaintiff's request for attorney's fees and costs is likewise not barred. The Eleventh Amendment does not preclude an award of attorney's fees ancillary to prospective relief. *See Buffin v. California*, 23 F.4th 951, 959 (9th Cir. 2022) ("When § 1983 plaintiffs have prevailed against a state official in his official capacity, they may recover attorney's fees under 42 U.S.C § 1988."). Accordingly, Plaintiff may seek attorney's fees if he ultimately prevails on his § 1983 claims for prospective relief.

### c. Connection to the Challenged Conduct

Defendants argue that Plaintiff fails to allege a sufficient connection between Defendants Goodyear and Garimella and the alleged constitutional violations. *Ex parte*

*Young* requires that a state official have "some connection with the enforcement" of the challenged conduct. *Los Angeles Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992). "This connection must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit." *Id.* (citing *Long v. Van de Kamp*, 961 F.2d 151, 152 (9th Cir. 1992)).

Here, Plaintiff's claims are not premised on a generalized obligation to enforce state law. Rather, Plaintiff alleges that Defendants Goodyear and Garimella hold senior leadership positions within the University and are responsible for the administration and enforcement of policies governing faculty employment, including appointment and renewal decisions. (*See* Doc. 1 ¶¶ 42, 44.) Taking those allegations as true, the Court cannot conclude at the pleading stage that Defendants lack the requisite connection under *Ex parte Young*. *See Eu*, 979 F.2d at 704.

### d. Ongoing Injury

Finally, Defendants argue that Plaintiff fails to allege a reasonable likelihood of future injury. The Ninth Circuit has explained that "reinstatement constitutes prospective injunctive relief because a wrongful discharge is a continuing violation" that is "not limited merely to remedy past violations, [but] serve the purpose of preventing present and future harm." *Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007). Taking Plaintiff's allegations as true, he has plausibly alleged continuing effects of the challenged conduct, which is sufficient under Rule 12(b)(6).

Accordingly, the Court concludes that Plaintiff has plausibly stated a claim for prospective equitable relief under *Ex parte Young*.

### B. Title VII

#### 1. Timeliness of Plaintiff's Title VII Claim

Defendants object to the Magistrate Judge's recommendation that the Court deny dismissal of Plaintiff's Title VII claim on timeliness grounds. Defendants argue that the claim accrued on November 30, 2023, and that neither equitable tolling nor equitable

1  estoppel applies as a matter of law. (Doc. 22 at 5–8.) The Court disagrees.

2        A prospective plaintiff must file a charge of discrimination with the EEOC within 300 days of the alleged discriminatory employment action. 42 U.S.C. § 2000e-5(e)(1). A charge accrues when the "alleged unlawful employment practice occurred." *Delaware State Coll. v. Ricks*, 449 U.S. 250, 258 (1980). Defendants contend that because Plaintiff was informed on November 30, 2023, that his teaching contract would not be renewed, his claim accrued on that date as a matter of law and expired on September 25, 2024. (Doc. 22 at 5–6.)

      At the pleading stage, dismissal on timeliness grounds is appropriate only where untimeliness is apparent on the face of the complaint. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010). Where a complaint plausibly alleges facts supporting timeliness—or where timeliness turns on factual issues such as the date of accrual, the applicability of equitable doctrines—dismissal under Rule 12(b)(6) is improper. *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206 (9th Cir. 1995) (stating that "a complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim."); *see also Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999).

      The time period for filing a charge is subject to equitable doctrines such as tolling or estoppel. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) ("We hold that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling"). "Equitable tolling focuses on whether there was excusable delay by the plaintiff: If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs." *Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1051 (9th Cir. 2008) (punctuation modified). "Equitable estoppel, on the other hand, focuses primarily on actions taken by the defendant to prevent a plaintiff from filing suit,

sometimes referred to as 'fraudulent concealment.'" *Id.* Accepting the allegations of the Complaint as true, Plaintiff has plausibly alleged facts supporting the application of both doctrines.

According to the Complaint, Plaintiff was informed on November 30, 2023, that his teaching contract would not be renewed and was told that the University intended to hire a full-time faculty member to teach the relevant course. (Doc. 1 at ¶¶ 143–144.) Plaintiff initially accepted that explanation but later became skeptical and submitted a public-records request seeking documents related to the non-renewal decision. (*Id.* at ¶¶ 145–146, 150.)

Plaintiff alleges that over the following months the University repeatedly delayed responding to his records request, requiring numerous follow-ups and ultimately a demand letter from counsel. (Doc. 1 at ¶¶ 151–173, ¶ 175; Doc. 1-16 at 1.) The University produced the requested documents on July 26, 2024—after what Plaintiff calls a "239-day campaign of delay." (Doc. 1 at ¶¶ 150, 151, 176.)

Plaintiff further alleges that the records produced on that date contain evidence that his contract was not renewed because of complaints relating to his advocacy activities and revealed communications supporting claims of discrimination and retaliation. (Doc. 1 at ¶¶ 80, 122, 131, 180, 181.)

Drawing all reasonable inferences in Plaintiff's favor, these allegations plausibly support the Magistrate Judge's conclusion that a reasonably prudent person would not have known of the existence of a potential Title VII claim until July 26, 2024, when the University produced the requested documents. (Doc. 20 at 5.) Prior to that time, Plaintiff knew that his contract would not be renewed but did not know the alleged discriminatory basis for that decision. *See Boyd v. U.S. Postal Serv.*, 752 F.2d 410, 414 (9th Cir. 1985) ("The time period for filing a complaint of discrimination begins to run when the facts that would support a charge of discrimination would have been apparent to a similarly situated person with a reasonably prudent regard for his rights.").

The Complaint also alleges facts supporting equitable estoppel. Plaintiff alleges that

Defendants falsely represented that the non-renewal decision was based on plans to hire a full-time faculty member and delayed producing records that allegedly revealed the true reasons for the decision. Accepting these allegations as true, a factfinder could conclude that Defendants' actions prevented Plaintiff from discovering the basis of his claim earlier.

Finally, the EEOC's administrative dismissal of Plaintiff's charge as untimely does not mandate dismissal here. The EEOC's notice does not reflect consideration of equitable tolling or equitable estoppel, and such a determination is not dispositive of the Court's analysis under Rule 12(b)(6). *See Lee v. Sullivan*, 787 F. Supp. 921, 937 (N.D. Cal. 1992) ("Thoughtful deference to agency determinations is appropriate only as to those matters as to which the agency has a particular expertise."); s*ee also Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 413, 144 S. Ct. 2244, 2273 (2024) ("[C]ourts need not . . . defer to an agency interpretation of the law simply because a statute is ambiguous.").

Taking the allegations of the Complaint as true and drawing all reasonable inferences in Plaintiff's favor, the Court cannot conclude that the running of the statute of limitations is apparent on the face of the complaint. Although equitable tolling and estoppel are applied "sparingly," *see Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113–14 (2002), Plaintiff has alleged sufficient facts to plausibly support his application at the pleading stage. Accordingly, dismissal of Plaintiff's Title VII claim on timeliness grounds is not warranted.

### 2. Title VII Claims Against Goodyear and Garimella

Defendants object to the Magistrate Judge's conclusion that Plaintiff states a valid Title VII claim against Defendants Goodyear and Garimella in their official capacities, arguing that those claims are redundant of Plaintiff's Title VII claim against ABOR and should therefore be dismissed. (Doc. 22 at 8–9.) Plaintiff does not dispute that Goodyear and Garimella are named in their official capacities only. Plaintiff nevertheless contends that dismissal is inappropriate at this stage.

"A suit against a government official in his official capacity is equivalent to a suit against the government itself." *Larez v. Los Angeles*, 946 F.2d 630, 645 (9th Cir. 2001).

1 Accordingly, "[w]hen both a government officer and a government entity are named, and the officer is named only in an official capacity, the court *may* dismiss the officer as a redundant defendant." *Ctr. for Bio–Ethical Reform, Inc. v. Los Angeles Cnty. Sheriff's Dep't*, 533 F.3d 780, 799 (9th Cir. 2007) (emphasis added) (citing *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985)). The cases addressing dismissal of redundant official-capacity defendants use permissive, not mandatory, language, indicating that dismissal is discretionary rather than required. *See*, *e.g.*, *id.*; *Roy v. Cnty. of Los Angeles*, 114 F. Supp. 3d 1030, 1047 (C.D. Cal. 2015).

Because Defendants' Motion to Dismiss was brought under Rule 12(b)(6), the relevant inquiry is whether Plaintiff has failed to state a claim upon which relief may be granted, not whether the claims are duplicative. Alleged redundancy alone is not a basis for dismissal under Rule 12(b)(6).

Here, Defendants have not shown that dismissal of Goodyear and Garimella is warranted at the pleading stage. Although Title VII liability ultimately runs against the employer, Defendants have identified no prejudice arising from the inclusion of official capacity defendants, nor have they demonstrated that dismissal is required under Rule 12(b)(6). At this stage, Plaintiff has plausibly alleged that Goodyear and Garimella acted in their official capacities with respect to the challenged employment actions, which is sufficient to state a claim. The Court may revisit the issue of redundancy at a later stage if appropriate. The Court therefore declines to dismiss Defendants Goodyear and Garimella at this time.

//
//
//
//
//
//
//

Accordingly,

**IT IS ORDERED:**

1. The Magistrate Judge's R&R (Doc. 20) is **adopted in part**.
2. Defendants' Objection (Doc. 22) is **sustained in part and overruled in part**.
3. Defendants' Motion to Dismiss (Doc. 16) is **granted in part and denied in part.**
    a. Plaintiff's § 1983 claims (Counts II-V) against Defendant Arizona Board of Regents are **dismissed with prejudice**.
    b. Plaintiff's Arizona public records statute claim, A.R.S. § 39-121.02, (Count VI) is **dismissed without prejudice**.
    c. The following claims remain: (1) Plaintiff's § 1983 claims (Count II-V) against Defendants Goodyear and Garimella in their official capacities to the extent Plaintiff seeks prospective equitable relief under *Ex parte Young*; (2) Plaintiff's Title VII claim (Count I) against Defendant Arizona Board of Regents; and (3) Plaintiff's Title VII claim (Count I) against Defendants Goodyear and Garimella in their official capacities.
4. Defendants' Motion to Stay Discovery (Doc. 19.) is **denied as moot**.

Dated this 9th day of March, 2026.

_____
Jennifer G. Zipps
Chief United States District Judge